IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-1126-LTB

**JERRY D. CARTER**,

      Plaintiff,

v.

**EL PASO COUNTY SHERIFF DEPT.;**
**ROB KING,**

      Defendants.

---

## ORDER TO DISMISS

---

Plaintiff, Jerry D. Carter, currently is in custody in the Colorado Mental Health Institute at Pueblo (CMHIP). He was transferred there from the El Paso County Sheriff's Department sometime earlier this year. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Plaintiff has been granted leave to proceed pursuant to § 1915 (ECF No. 4).

### A.  Mandatory Screening and Standards of Review

In 1996, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Creamer v. Kelly*, 599 F. App'x 336 (10th Cir. 2015) ("Under §§ 1915(e)(2)(B)(i) and (ii), a court must screen a complaint filed IFP and dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious or fails to state a claim on which relief may be granted.") (internal

quotation and citation omitted).

In addition, 28 U.S.C. § 1915A, entitled "Screening," requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint.  28 U.S.C. § 1915A(b).

Further, the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e requires the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA, *see* 28 U.S.C. §§ 1915(h); 1915A(c), and he has been granted leave to proceed IFP in this action (ECF No. 4). Moreover, Defendants are employees of a governmental entity.  In addition, he is complaining about the conditions of his confinement.  Thus, his Complaint must be reviewed under the authority set forth above.

In reviewing complaints under these statutory provisions, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  The question to be resolved is:  whether, taking the factual allegations of the complaint, which are not contradicted by the exhibits and matters of which judicial notice may be had, and taking all reasonable inferences to be drawn from those uncontradicted factual allegations of the complaint, are the "factual allegations ... enough to raise a right to relief above the speculative

level, ... on the assumption that all the allegations in the complaint are true even if doubtful in fact[.]"   *Bell Atlantic Corp.*, 550 U.S. at 555.   When reviewing a complaint for failure to state a claim, the Court may also consider documents attached to the complaint as exhibits.   *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (internal citation omitted).   Moreover, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.   *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).   *See also  Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional).

The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."   *Hall*, 935 F.2d at 1110.   However, a court should not act as a *pro se* litigant's advocate.   *See id.   Sua sponte* dismissal is proper when it is patently obvious that plaintiff could not prevail on the facts alleged and it would be futile to allow the plaintiff to amend.   *Andrews v. Heaton,* 483 F.3d 1070, 1074 (10th Cir. 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–82 (10th Cir. 2001) (internal quotations omitted).

### B.  Plaintiff's Allegations

Plaintiff claims that while he was incarcerated at the El Paso County Sheriff's Department (EPCSD), he was required him to undergo a test to determine whether he had tuberculosis.   The test is a diagnostic test for tuberculosis in which a substance (tuberculin) is injected with a hypodermic

needle into the skin of the test subject.  The skin's reaction to the test indicates whether the test subject has been exposed to tuberculosis.  Plaintiff refused the test because he claims that he had recently been tested and did not need a further test for tuberculosis.  Plaintiff claims that he was forcibly restrained and then prison medical personnel administered the test, which left a bruise the size of a silver dollar, which lasted for three weeks.

For the reasons stated below, the Complaint and the action will be dismissed pursuant to screening authority set forth above.  The pertinent grounds which will result in the dismissal are addressed below.  An appropriate order follows.

### C. Liability under 42 U.S.C. § 1983

Plaintiff  seeks to assert liability against Defendants pursuant to 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330–331 (1986).  In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed.  *Graham v. Connor*, 490 U.S. 386, 393–394 (1989) (internal quotations and citations omitted).  The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right.  *Id.*

1      Conditions of Confinement

Plaintiff's claim concerns the conditions of his confinement.  Claims concerning prison conditions filed by pretrial detainees are evaluated under the Due Process Clauses of the Fifth and Fourteenth Amendments, which prohibit defendants from undertaking acts that amount to

4

punishment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  In order to determine whether the

challenged conditions of pre-trial confinement amount to punishment:

> [a] court must decide whether the disability is imposed for the purpose of punishment
> or whether it is but an incident of some other legitimate governmental purpose.
> Absent a showing of an expressed intent to punish on the part of the detention
> facility officials, that determination generally will turn on whether [it has] an
> alternative purpose ... and whether it appears excessive in relation to [that] purpose....
> Thus, if a particular condition or restriction of pretrial detention is reasonably related
> to a legitimate governmental objective, it does not, without more, amount to
> "punishment."  Conversely, if a restriction or condition is not reasonably related to
> a legitimate goal—if it is arbitrary or purposeless—a court may permissibly infer that
> the purpose of the governmental action is punishment that may not constitutionally
> be inflicted upon detainees.

*Id.* at 538–39 (citations and internal quotations omitted).

"There is little debate regarding the health threat TB poses to both inmates and prison

personnel.  And there is widespread agreement that penal institutions have a compelling interest in

stopping its spread." *Darby v. Schuetzle*, Civil Nos. 09-004, 09-5, 2009 WL 700631, 5 (D.N.D. Mar.

13, 2009).  In fact, prison officials are subject to potential liability if they fail to properly screen

prisoners for communicable diseases such as TB.  *See, e.g., DeGidio v. Pung*, 920 F.2d 525, 528-533

(8th Cir. 1990) (holding that prison officials' reckless response to tuberculosis outbreak amounted

to deliberate indifference in violation of the Eighth Amendment); *Rhinehart v. Gomez*, Civil No. 93-

3747, 1995 WL 364339, at * 4 (N.D. Cal. 1995) ( "Defendants' failure to administer TB tests to all

inmates may have subjected them to claims that they deliberately were indifferent to the inmates'

health.").

Moreover, the Supreme Court long has recognized that "the constitutional rights that

prisoners possess are more limited in scope than the constitutional rights held by individuals in

society at large. . . .  for instance, some rights are simply inconsistent with the status of a prisoner

or with the legitimate penological objectives of the corrections system." *Shaw v. Murphy*, 532 U.S.

223, 229 (2001) (citing *Pell v. Procunier*, 417 U.S. 817 (1974)).   Therefore, the Court has held that, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89 (1987). This is true even when the constitutional right claimed to have been infringed is fundamental and the State under other circumstances would have been required to satisfy a more rigorous standard of review. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987).

Under *Turner*, four factors are to be balanced in determining whether a prison regulation is reasonably related to legitimate penological interests:   1) whether there is a valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it; 2) whether there are alternative means of exercising the right that remain open to prison inmates; 3) whether accommodation of the asserted constitutional right will impact guards and other inmates, and on the allocation of prison resources generally; and (4) whether there is an absence of ready alternatives versus the existence of obvious, easy alternatives. *Id.*, at 89-90.  Applying these factor, it cannot be reasonably disputed that Defendants' interest in combating TB in the prison environment is a legitimate penological interest.   Any accommodation of Plaintiff's desire not to be tested would risk a severe impact on other inmates and staff by spreading a life threatening disease. Moreover, research has not indicated any obvious easy alternatives to the subcutaneous TB test.  As a result, even if Plaintiff had some due process right not to be forcibly tested or medicated, the prison's policy nevertheless is constitutional. *Accord Sample v. Angelone*, Civil No. 98-7421, 1999 WL 52347, at * 1 (4th Cir. Feb. 5, 1999) (affirming district court conclusion that "regulation requiring PPD testing of inmates and prison staff for tuberculosis exposure is reasonably related to the legitimate penological objective of ensuring the health and welfare of inmates"); *Washington v. Cambra*, 165 F.3d 920 (table), 1998 WL 840946 at *1 (9th Cir. Nov.23, 1998) (after noting that

tuberculosis "is a highly contagious, highly dangerous disease" the court concluded that "detection and containment of [tuberculosis] is undeniably a legitimate penological goal" such that the forcible administration of the test (including the use of pepper spray) did not violate the constitutional rights of the inmate).  2.      Excessive Force

Plaintiff also claims that Defendants used excessive force when they administered the TB test.  Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for excessive force claims.  *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).  Thus, in determining whether Plaintiff's rights were violated, I must apply an analysis identical to that applied in Eighth Amendment cases brought pursuant to § 1983.

In this regard, the use of excessive physical force against a prisoner may constitute cruel and unusual punishment in violation of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 4 (1992).  The core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm."  *Id*., 503 U.S. at 6.  As the Court made clear in Hudson, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."  *Id*. (internal quotation marks omitted).  Thus, even if a use of force is deemed unnecessary after the fact; if it was both de minimis and "not of a sort repugnant to the conscience of mankind," it will not sustain an excessive-force claim.  *Id*. at 10 (internal quotation marks omitted).

In the instant case, the force allegedly used against Plaintiff was both *de minimis* and not of a nature that is repugnant to mankind.  Merely shackling and restraining a prisoner in order to administer a TB test, which results in some bruising does not allege a constitutional violation for excessive force.  *Accord Barrett v. Warden*, Civil No. 10-22128, 2010 WL 3222110 (S.D. Fla. July

15, 2010); *Thomas v. Smith*, Civil No. 2:08-938, 2010 WL 333694 (S.D. Ohio Jan. 22, 2010).  In

fact, as already observed, prison officials may be subject to liability under the Eighth Amendment

if they fail to test for TB and the failure amounts to deliberate indifference for the health of the

inmates.  While this Court does not condone unnecessary uses of force by prison guards, Plaintiff's

allegations of *de minimus* force simply fall short of what is required to establish a constitutional

violation.

      As the discussion above demonstrates, Plaintiff's Complaint fails to state a constitutional

claim with respect to any of the named Defendants.  Moreover, it would be futile to allow him to

amend his complaint.  Accordingly, it is

      **ORDERED** that the Complaint and this action are **DISMISSED** with prejudice pursuant to

28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A and/or 42 U.S.C. § 1997e(c).  It is

      **FURTHER ORDERED** that this dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is cautioned that he may not bring any further civil actions without paying the full filing

fee after he has accumulated three strikes under 28 U.S.C. § 1915(g).  It is

      **FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is denied.  The

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken

in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of

appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma*

*pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this ___4th___ day of June, 2015.

BY THE COURT:

___s/Lewis T. Babcock_____

LEWIS T. BABCOCK, Senior Judge
United States District Court